UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROMAN M. CORA II, <br><br>                  Plaintiff, <br><br>      -against- <br><br> CHILDREN & YOUTH/SAM INC; JAMIE ROLLAND; KELLY GARHANN, <br><br>              Defendants. | 24-CV-6235 (LTS) <br><br> ORDER OF DISMISSAL <br> WITH LEAVE TO REPLEAD |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction. He alleges that the events giving rise to his claims occurred at a shelter in Harlem, New York, and in Pennsylvania. He names as Defendants (1) SAM Inc ("SAM"), an organization that appears to operate a division dedicated to children's services, that is located in Lackawanna County, Pennsylvania; and (2) two SAM employees, Jamie Rolland and Kelly Garhann.

By order dated August 19, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the claims based on events that allegedly occurred in Harlem, New York, for failure to state a claim, but grants Plaintiff leave to file an amended complaint regarding these claims within 30 days of this order. The Court also dismisses the claims based on events that allegedly occurred in Pennsylvania but declines to grant him leave to amend. This dismissal, however, is without prejudice to Plaintiff's filing of a new civil action in a district court in Pennsylvania.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from the complaint.[1] On May 31, 2024, Plaintiff "was cut in a harlem shelter . . . and security g[ua]rds left their post and every[one] ran and left me alone to defend myself." (ECF 1, at 2.) At some other point, close in time to Easter of 2024, in Edwardsville, Luzerne County, Pennsylvania, Plaintiff "was going back and forth to Pennsylvania . . . to visit with my children . . . [and] came here to bury my daughter . . . [who] was raped in Pennsylvania but murdered here in New York." (*Id.* at 5.) Plaintiff contends that there "was suposed to be an interstate transfer done in November of last year since then [his children] have been raped abused medical care have not been me now that are trying to sell my children kid for cash." (*Id.*) The named defendants, SAM and SAM employees Rolland and

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Garhann, may be involved in the underlying events that occurred in Pennsylvania. Plaintiff

provides a Lackawanna County, Pennsylvania address for these defendants.

For relief, Plaintiff seeks "[t]o have my kids to be released to me a.s.a.p. cause I didn't do

anything wrong to hurt them or loose them the mother . . . is in jail, for hurting my children, and

so is Sam's Inc. hurting my children." (*Id.* at 6.)

## DISCUSSION

Plaintiff brings two sets of claims that do not appear to be related. First, he alleges that an

unidentified individual at a shelter in Harlem injured him and that security guards did not assist

him ("Harlem claims"). Second, he describes what appears to be a custody matter involving his

children that may be ongoing in Pennsylvania. This second set of claims also may involve the

named defendants, all of whom appear to be located in Pennsylvania ("Pennsylvania claims").

The complaint does not, however, state a claim upon which relief may be granted with respect to

either set of claims. Accordingly, the Court grants Plaintiff leave to file an amended complaint as

to the Harlem-based claims but declines to grant Plaintiff leave to amend the Pennsylvania-based

claims because this district is not a proper venue for such claims.

## A.    Harlem Claims

Plaintiff alleges that an unidentified individual "cut" him at a men's shelter and that

security guards at the shelter did not protect him. The Court construes this allegation as seeking

to assert a constitutional claim under 42 U.S.C. § 1983, that is, a failure to protect Plaintiff from

the alleged assault. Because Plaintiff does not allege facts suggesting that a state actor had a duty

to protect him, the Court dismisses the claim for failure to state a claim.

### 1.    State action requirement under Section 1983

To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured

by the Constitution or laws of the United States was violated, and (2) the right was violated by a

person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Generally, private security guards are not state actors under Section 1983. *See Bishop v. Toys "R" Us–NY LLC*, 414 F. Supp. 2d 385, 396 (S.D.N.Y. 2006) ("The acts of a store security guard generally do not constitute state action for purposes of section 1983."); *Guiducci v. Kohl's Dep't Stores*, 320 F. Supp. 2d 35, 37–38 (E.D.N.Y. 2004) (collecting cases). While private security guards generally are not treated as state actors, some security guards are "'special patrolm[e]n' . . . appointed by the Commissioner of the [New York City Police Department], 'to do special duty at any place in the city,' and '[] possess the powers and discharge all the duties of the [police] force, applicable to regular members of the force.'" *Bishop*, 414 F. Supp. 2d at 396 (citing New York City Admin. Code § 14-106(c)). Plaintiff does not allege that any of the defendants has been appointed to exercise such powers.

 2. State actor's duty to protect

 The United States Constitution does not require a government official to protect an individual from harm. *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755-56 (2005); *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989); *see, e.g.*, *Gong v. Sarnoff*, No. 23-CV-0343 (LJL), 2024 WL 3638335, at *7 (S.D.N.Y. Aug. 1, 2024) ("It is settled that the State has no general Due Process obligation to ensure the safety, care, and protection of individuals who are not in its custody." (internal quotation marks and citations omitted)).

 An exception to this rule applies when a state actor affirmatively creates or increases a danger to the plaintiff. *See, e.g.*, *Matican v. City of New York*, 524 F.3d 151, 155 (2d Cir. 2008). In such circumstances, a plaintiff may argue that he is entitled to protection from a government official. In this context, however, the plaintiff also must show that the state actor's "behavior was

'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Id.* (citation omitted).

    3.    Plaintiff does not state a Section 1983 claim

Plaintiff does not allege any facts suggesting that a state actor affirmatively created or increased a danger to him, and that such conduct "shock[ed] the contemporary conscience." *Id.* Indeed, Plaintiff does not allege that any state actor participated in the underlying events. Although he indicates that security guards failed to assist him during the alleged assault, the complaint does not suggest that the security guards acted in the capacity of a police officer or "special patrolmen." *Bishop*, 414 F. Supp. 2d at 396. The complaint instead suggests that the security guards acted in a private capacity and, following the alleged assault, did not intervene. This allegation is insufficient to state a Section 1983 claim. The Court therefore dismisses the Harlem claims for failure to state a claim on which relief may granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

    4.    Leave to amend

In light of Plaintiff's *pro se* status, and clear attempt to assert claims arising from the alleged incidents at the Harlem men's shelter, the Court grants Plaintiff 30 days' leave to file an amended complaint. Should Plaintiff file an amended complaint, he must name the individuals who he believes violated his constitutional rights. If he does not know the name of such individuals, he may identify each as a John or Jane Doe defendant and provide a description of the individual. Plaintiff also must describe the alleged assault, including the date of the assault, who assaulted him, and the conduct of the security guards before, during, and after the assault.

**B.    Pennsylvania Claims**

With respect to Plaintiff's Pennsylvania claims, Plaintiff does not provide any facts suggesting that the named defendants violated his rights, under federal or state law. The

complaint therefore does not comply with Rule 8 of the Federal Rules of Civil Procedure, and the Court dismisses these claims for failure to state a claim.

1.    Plaintiff does not state a claim against the named defendants

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The Court does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff names as defendants SAM, an organization that may be involved with Plaintiff's children, and SAM employees. Plaintiff provides a Lackawanna County, Pennsylvania address for these three defendants. Plaintiff also states that he travels between New York and Pennsylvania to visit his children. He indicates that the events giving rise to his claims occurred in Edwardsville, Pennsylvania, but he does not describe those events. The complaint therefore does not provide enough information to suggest that Plaintiff can state a claim against the named defendants. Accordingly, the Court dismisses the Pennsyvlania claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal is without prejudice to any claims Plaintiff may pursue in Pennsylvania.

2.     The Court declines to grant Plaintiff leave to amend because venue is not proper in this district

Venue is not proper in the Southern District of New York for any claims Plaintiff may be asserting against the named defendants. Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Because the complaint does not state facts suggesting that the defendants reside in New York, or that a substantial part of the events or omissions giving rise to the Pennsylvania claims occurred in a county within the Southern District of New York, this district is not a proper venue for these claims. Rather, it appears that the Middle District of Pennsylvania, the district where both Luzerne and Lackawanna Counties fall within, *see* 28 U.S.C. § 118(b), may be a proper venue for the Pennsylvania claims. The Court therefore declines to grant Plaintiff leave to file an amended complaint in this court as to these claims.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts sufficient to state a claim regarding the Harlem claims, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his Harlem claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead the Harlem claims. The Court dismisses the Pennsylvania claims without prejudice to Plaintiff's filing of an action in Pennsylvania.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    January 13, 2025
          New York, New York

                        /s/ Laura Taylor Swain
                        LAURA TAYLOR SWAIN
                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐  **Federal Question**

☐  **Diversity of Citizenship**

## A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.  If you checked Diversity of Citizenship

### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                            State                Zip Code

_____

Telephone Number                        Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                        Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                   Zip Code

Defendant 2:

First Name                        Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                   Zip Code

Defendant 3:

First Name                        Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                   Zip Code

Defendant 4:

_____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.